# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **FREDERICK BANKS** | : | **DOCKET NO. 20-cv-01610** |
| **REG. # 05711-068** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **S. MA'AT, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Frederick Banks on December 10, 2020.  Doc. 1.  Banks is an inmate in the custody of the Bureau of Prisons ("BOP") and, at the time of filing the instant suit, was incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO"). This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court.

## I.
### BACKGROUND

### A. Procedural Background

Petitioner is currently serving a sentence imposed on June 12, 2020, by the United States District Court for the Western District of Pennsylvania.   Doc. 5, p. 1, ¶ 4.  While he has a prior criminal history, he was most recently tried by jury and found guilty of multiple federal counts of wire fraud and one federal count of aggravated identity theft and sentenced to consecutive terms of 80 months and 24 months imprisonment, to be followed by several years of supervised relief. *See* Docket in Case No. 2:15-cr-00168 (W.D. Pa.).

-1-

In the instant petition, he contends that the Bureau of Prisons ("BOP") has erroneously calculated his sentence, failing to give him credit for 20 months of time served in 2013. *Id.* at p. 6, ¶ 13. He also argues that staff at FCIO restricted his email and electronic requests and illegally applied to the DSCC for a low security management variable on him which delayed his transfer and ultimate release. *Id.*

### B. Petitioner's Litigation Background

In *Black Lives Matter v. CIA*, No. 2:20-cv-06919, 2020 U.S. Dist. LEXIS 138713 (C.D. Ca. August 4, 2020), a suit filed by Banks but purportedly brought on behalf of himself as well as the Blake Lives Matter movement and all women all over the world, the United States District Court for the Central District of California issued a ruling that summarized Banks's litigation history. Perusal of that matter sufficiently evidences petitioner's appetite for litigation.

Since being transferred to FCIO and filing the instant petition in December 2020, Banks has filed a total of eight (8) separate suits in this District.[1]  Insofar as Banks is now out of this district (and the fact that imposition of sanctions on him by other courts has been fruitless to stop the flow), we do not recommend any action at this time.

**II.**
**LAW & ANALYSIS**

### A. Screening of Habeas Corpus Petitions

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule

---

[1] The instant petition is the first filed and the others will be addressed in separate rulings.

4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Application

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

An initial issue that must be addressed is whether petitioner is required to exhaust administrative remedies. Generally, a federal prisoner must exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004), *cert. denied*, 124 S. Ct. 2112 (2004); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *see also Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993).  Exceptions to the exhaustion requirement apply only in "extraordinary circumstances" and the petitioner bears the burden of demonstrating the futility of administrative review. *Fuller*, 11 F.3d at 62; *Gardner v. School Bd. Caddo Parrish*, 958 F.2d 108, 112 (5th Cir. 1992).

The BOP, which administers the prison in which petitioner is incarcerated, has a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy to the Warden. 28 C.F.R. § 542.14. If the prisoner is not satisfied with the Warden's response, he may appeal to the Regional Director.

28 C.F.R. 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel. *Id.*

Banks has alleged that he has presented his claim through a BP-10, an appeal to the Regional Director.  *See* doc. 5, p. 3, ¶ 8(a).  However, he has not provided proof of this, nor has he alleged or provided proof that he has appealed a response from the Regional Director to the Office of General Counsel (BP-11).  The BP-11 appeal "is the final administrative appeal." *Id.* at § 542.15(a).  Only after this review process is completed can a BOP inmate's claim be considered exhausted.  Petitioner neither exhausted the administrative remedies nor alleged that the remedies were either unavailable, wholly inappropriate to the relief sought, or that an attempt to exhaust would be patently futile.  *See Fuller*, 11 F.3d at 62.

### III.
#### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that this matter be **DISMISSED** for failure to exhaust administrative remedies.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

-5-

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the District Judge and that were not objected to by the aforementioned party,  except upon grounds of plain error.

THUS DONE AND SIGNED in Chambers this 6th day of May, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE