UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **FREDERICK BANKS** | : | **DOCKET NO. 2:20-cv-1610** |
| REG. # 05711-068 | | SECTION P |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **S. MA'AT** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Frederick Banks on December 28, 2020. Doc. 1. Banks is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Center at Fort Dix, New Jersey. At the time of filing, he was incarcerated at the Federal Correctional Center at Oakdale, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

**I.**
**BACKGROUND**

On December 10, 2020, the petitioner filed the instant petition, claiming that the BOP erroneously calculated his sentence and failed to give him credit for 20 months he served in 2013. Doc. 5, p. 6. He also contends that staff at the institution restricted his email access and that BOP failed to transfer him to an institution where he could not participate in the RDAP, "Residential Drug Abuse Program." *Id*. The undersigned issued a report and recommendation recommending dismissal because the petitioner had not exhausted his administrative remedies. Doc. 10.

However, after the petitioner filed an objection to the report and recommendation as well as a motion to reopen the case, the Court granted the motion to reopen "considering the newly discovered evidence but without determining if Mr. Banks has in fact exhausted his administrative remedies." Docs. 11, 12, 13.

On November 16, 2020, a petition was filed by petitioner in the Northern District of West Virginia and transferred to this Court on April 28, 2021. *See Banks v. Warden S. Ma'at, et al*, Civil Action No. 2:21-cv-1147 (W.D. La. 4/28/21). As in the instant petition, in that petition Banks challenges the credit for time served determination, the failure of BOP to place him in the Residential Drug Abuse Treatment Program, and the denial of access to email. (He also appears to contest his placement in quarantine and denial of mental health treatment.) *Id*. at doc. 1.

## II.
### LAW AND ANALYSIS

In their Answer to Banks' Petition, the Respondents argue that this case must be dismissed, as it alleges claims identical to those raised in his first filed petition in Civil Action No. 2:21-cv-1147. The Court agrees.

Under the principles of claim-splitting and first-filed, the instant petition should be dismissed. "The rule against claim splitting prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action." *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp*., 273 F. App'x 256, 265 (4th Cir. 2008) (cleaned up). *See also, Regions Insurance v. Potter*, 2018 WL 4288439, at* 3 (W.D. La., March 26, 2018). The chief purpose behind the prohibition against claim-splitting "is to protect the defendant from being harassed by repetitive actions based on the same claim." *In re Super Van, Inc.*, 92 F.3d 366, 371 (5th Cir. 1996). "Unlike claim preclusion, the rule against claim splitting does not require a final judgment." *Saldivar v. Austin Independent School District*, No. A-15-CA-

00847-SS, 2016 WL 7410744, at * 2 (W.D. Tex. Dec. 20, 2016). "When a plaintiff files a second complaint alleging the same cause of action as a prior, pending, related action, the second complaint may be dismissed." *Friends of the Earth, Inc. v. Crown Cent. Petroleum Corp.,* 95 F.3d 358, 362 (5th Cir. 1996). Claim-splitting is present if "the two actions were based on the same nucleus of operative facts." *Eubanks v. F.D.I.C.,* 977 F.2d 166, 171 (5th Cir. 1992). The rule against claim-splitting applies to § 2241 petitions. *Alston v. United States Attorney General*, No. JKB-17-2184, 2018 WL 3732099 (D. Md. Aug. 6, 2018) (applying prohibition against claim-splitting to § 2241 motions).

Pursuant to the "first-filed rule," if two actions involving the same parties and issue are pending in federal court, the action first filed should be resolved, and the duplicative motion should be dismissed." *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 730 (5th Cir. 1985). This rule avoids duplication and "piecemeal resolution of issues." *Id*. at 728. This rule has been applied to § 2241 motions. *Vetcher v. Sessions*, No. 3:18-CV-1724-K, 2018 WL 4006812, at *2 (N.D. Tex. July 12, 2018) ("Consistent with these 'first-filed' principles, habeas petitions under 28 U.S.C. § 2241 have been dismissed as duplicative of other pending petitions.").

Here, both petitions deal with assertions concerning credit for time served, his complaints about placement in the Residential Drug Abuse Treatment Program, and the denial of access to email. This matter was the second one filed and, thus, should be dismissed.

In his Reply to the Respondents' Answer, Banks argues that the instant petition should not be dismissed, as different defendants are named in it and the previously filed petition. Doc. 24, p. 1. However, "the proper respondent to a habeas petition is 'the person who has custody over the petitioner.'" *Rumsfeld v. Padtilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). Thus, the only proper Respondent in each case is FCIO Warden Ma'at. Accordingly, the rule against claim-

splitting applies to Banks' claims in this Petition and Respondent is entitled to have the Petition dismissed. *Alston*, *supra*, at *3.

### III.
#### CONCLUSION

**IT IS RECOMMENDED** that the instant action, docketed as Civil Action 2:20-1610, be **DISMISSED** and that all pleadings and orders be stricken and that the matter be **CLOSED** as duplicative of Civil Action 2:21-cv-1147.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the District Judge and that were not objected to by the aforementioned party, except upon grounds of plain error.

THUS DONE AND SIGNED in Chambers this 5th day of August, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE